IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv140

| | |
|---|---|
| MICHAEL ALAN WILSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | MEMORANDUM AND<br>RECOMMENDATION |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. This case is now before the Court on the administrative record and the parties' Motions for Summary Judgment [# 13 & 16]. Upon a thorough review of the entire record, the pleadings, and the parties' briefs, the Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's motion [# 13].

**I.      Procedural Background**

Plaintiff filed an application for Social Security Income and Disability Insurance Benefits on July 30, 2007, alleging that he became disabled beginning January 1, 2001. (Transcript of Administrative Record ("T.") 214, 248.) Plaintiff

-1-

also filed an application for Supplemental Security Income. (T. 216.) The Social Security Administration denied his claims, finding that he was not disabled. (T. 52-69.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 72-9.) A disability hearing was then held by an Administrative Law Judge ("ALJ"). (T. 25.) At the time of the hearing, however, Defendant was incarcerated at Buncombe County Jail. (T. 323.) Accordingly, Plaintiff participated via telephone. (T. 28-9.) At the hearing, Plaintiff was represented by V. Lamar Gudger, III and James Thoms. (T. 25, 27.) During the hearing Plaintiff's counsel moved to amend his onset date of disability to July 30, 2007. As a result Plaintiff would not be entitled to a period of disability and disability insurance benefits under Title II of the Social Security Act because Plaintiff would not have disability insured status on the date of onset. The decision of the ALJ addressed only the Plaintiff's application for supplemental security income. After the hearing, the ALJ issued a decision finding that Plaintiff was not disabled during the relevant time period. (T. 15-24.) Subsequently, the Appeals Council denied Plaintiff's request for review of the ALJ decision. (T. 1-3.) Plaintiff then brought this action seeking review of the Commissioner's decision

On October, 17, 2011, Plaintiff filed his Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment. The Court then

entered an Order striking Plaintiff's motion and supporting brief. (Order Striking Mot. Summ. J., Mar. 22, 2012.) The Court reminded counsel for Plaintiff of the Court's warning in the Memorandum and Recommendation entered in Pyles v. Astrue, that:

> The Court notes that counsel for Plaintiff has numerous social security appeals pending before the Court. In many of these cases, counsel has filed similar briefs that lack citations to legal authority and fail to clearly articulate the alleged errors committed by the ALJ. The Court warns counsel that going forward, the Court will consider striking any brief submitted by counsel in a social security case that does not separately set forth each alleged error and contain legal authority supporting each of the claimant's alleged errors.

Pyles v. Astrue, No. 1:11cv116, slip. op. at 6-7 n.2 (W.D.N.C. Mar. 19, 2012) (Howell, Mag. J.); (Order Striking Mot. Summ. J., Mar. 22, 2012, p.1.). As the Court explained in its prior Order, Plaintiff is represented by the same counsel in this case, V. Lamar Gudger, III, Esq, and "[l]ike in Pyles, Plaintiff's Memorandum in Support of his Motion for Summary Judgment fails to cite any legal authority supporting his alleged errors." (Order Striking Mot. Summ. J., Mar. 22, 2012, p.1-2.). Accordingly, the Court entered an Order striking the motion and supporting brief. The Court gave Plaintiff twenty (20) days to file a new motion and supporting brief. (Id. at p. 2.) The Court, however, warned Plaintiff that it would "disregard any portion of the brief that is not supported by citations to legal authority." (Id.)

Plaintiff then filed a new Motion for Summary Judgment and supporting brief. Plaintiff, however, disregarded the Order of this Court and failed to include any legal authority supporting his second assignment of error. (Pl.'s Memo. Argument p. 17-19.) Plaintiff did not cite the Court to any legal authority supporting his legal argument that the alleged error by the ALJ requires remand.

Although Plaintiff included a citation in his third assignment of error (Id. p. 19-20), this citation does not provide any legal support for his position that the ALJ failed to provided the proper weight to the opinions of unnamed "clinicians." The only citation provided by Plaintiff is to 20 C.F.R. § 404.1527(d), which provides that medical source opinions on some issues are reserved for the Commissioner.

Plaintiff has, once again, simply thrown words on the page without any supporting legal authority with the hope that this Court will do the job of Plaintiff's counsel and determine whether any law supporting Plaintiff's argument exists. As the Court warned Plaintiff in its prior Orders, this type of conduct from counsel would no longer be tolerated in this Court. Accordingly, the Court has disregarding Plaintiff's second and third assignments of error. By failing to comply with the Court's March 22, 2012, Order, Plaintiff has forfeited any argument regarding these assignments of error. The Court will only consider the

lone assignment of error supported by any legal authority: that Plaintiff was unable to meaningfully hear and cooperate in this hearing.

**II.     Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that

claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his January 19, 2011, decision, the ALJ found that Plaintiff was not under a disability within the meaning of the Social Security Act. (T. 24.) The ALJ made the following specific findings:

(1) The claimant has not engaged in substantial gainful activity since July 30, 2007, the alleged onset date (20 CFR 416.971 *et seq.*).

(2) The claimant has the following sever impairments: right hearing loss, personality disorder, and depressive disorder (20 CFR 416.920(c)).

(3) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926).

(4) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) with the avoidance of concentrated exposure to noise and hazards (machinery, heights, etc.) as described by the State Agency medical consultant in Exhibit 14F and with the mental restrictions described by the State Agency medical consultant in the functional capacity assessment (Section III) in Exhibit 12F.

(5) The claimant is unable to perform any past relevant work (20 CFR 416.965).

(6) The claimant was born on March 4, 1968, and was 39 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 CFR 416.963).

(7) The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

(8) Transferability of job skills is not an issue in this case because the claimant past relevant work is unskilled (20 CFR 416.969(a)).

(9) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, and 416.969(a)).

(10) The claimant has not been under a disability, as defined in the Social Security Act, from July 30, 2007, through the date of this decision (20 CFR 416.920(g)).

(T.17-24.)

## VI. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V.   **Analysis**[1]

Plaintiff contends that he was denied a reasonable and fair opportunity to be heard by the ALJ because the hearing was conducted via telephone. Specifically, Plaintiff contends that he was deprived of his rights under the Rehabilitation Act of 1973. Plaintiff fails to set forth any other legal basis for the relief he requests.

Section 504 of the Rehabilitation Act provides that:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

agency or by the United States Postal Service.

29 U.S.C. § 794(a). Section 504 is enforceable through private causes of action. Constantine v. Rectors and Visitors of George Mason Univ., 411 F.3d 474, 491 (4th Cir. 2005). In order to succeed on such a claim, a plaintiff must demonstrate "that (1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program or activity, and (3) she was excluded from participation in or denied the benefits of such service, program or activity, or otherwise discriminated against on the basis of her disability." Id. at 498.

Plaintiff, however, has not brought a Section 504 action against the Commissioner. Rather, Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision by the Commissioner denying his claim for disability benefits. All of the cases cited by Plaintiff involve actions brought under the Americans with Disabilities Act and the Rehabilitation Act; they were not judicial appeals of the Commissioner's decision. See e.g., Popovich v. Cuyahoga Cnty. Court of Common Pleas, 276 F.3d 808 (6th Cir. 2002); Duvall v. Cnty. of Kitsap, 260 F.3d 1124 (9th Cir. 2001); Paulone v. City of Frederick, 787 F. Supp. 2d 360, 363 (D. Md. 2011). Plaintiff has not presented the Court with a single case from any jurisdiction applying Section 504 in the context of a social security appeal.

A claimant in a social security case, however, is entitled to a full and fair hearing, and the failure to conduct such a hearing may constitute grounds for remand in some cases. See Sims v. Harris, 631 F.2d 26, 27 (4th Cir. 1980) (holding that remand was proper in case because hearing was not fair because the absence of counsel created "clear prejudice and unfairness" to the claimant). Moreover, procedural due process provides that a claimant has a right to fair hearing. See Richardson v. Perales, 402 U.S. 389, 400-02 (1971); Martise v. Astrue, 641 F.3d 909, 921-22 (8th Cir. 2011); Ventura v. Shalalau, 55 F.3d 900, 902 (3rd Cir. 1995). Plaintiff, however, has forfeited any argument that conducting the hearing via telephone violated his due process rights because, in direct contrast to the Court's March 22, 2012, Order, he has not provided the Court with any authority supporting such an argument.

Finally, even if the Court were to consider such an argument, Plaintiff has not demonstrated that he did not receive a fair and full hearing. Plaintiff, who was incarcerated at the time, received advance notice that the hearing would be held via teleconference. (T. 178.) Plaintiff did not object to the time or place of the hearing or to the fact that it would be held via teleconference. In fact, the legal assistant to counsel for Plaintiff indicated that he would go to the jail on the morning of the hearing and ensure that a phone was available. (T. 323.) Moreover, counsel did

not object during the hearing to its being held by telephone. (T. 27-44.) At no point did Plaintiff or his counsel request an accommodations because of Plaitniff's hearing impairment or otherwise put the ALJ on notice that the telephone hearing was insufficient.

Although the record reflects that on several occasions Plaintiff could not hear the questions asked by the ALJ, on each occasion the question was repeated either by the ALJ or Plaintiff's counsel, and Plaintiff provided a meaningful answer. (T. 27-44.) There is no indication from the record that this prejudiced Plaintiff in any way or otherwise deprived him of a full and fair hearing. Accordingly, the record does not support Plaintiff's contention that he was denied a full and fair hearing because he did not have an in person hearing. The Court **RECOMMENDS** that the District **GRANT** the Commissioner's motion [# 13].

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 13], **DENY** Plaintiff's Motion for Summary Judgment [# 16], and **AFFIRM** the Commissioner's decision.

Signed: May 23, 2012

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S.

1111 (1986); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984).