IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11cv140

| | |
|---|---|
| MICHAEL ALAN WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the parties' cross Motions for Summary Judgment [Docs. 13 and 16]; the Magistrate Judge's Memorandum and Recommendation [Doc. 19] regarding the disposition of those motions; the Plaintiff's Objections to Proposed Recommendations of United States Magistrate Judge [Doc. 20]; and the Defendant's Reply to Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 21].

I.   **PROCEDURAL BACKGROUND**

Pursuant to 28 U.S.C. § 636(b) and a specific Order of referral of the district court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider these pending motions in the above-

captioned action and to submit to this Court a recommendation for the disposition of these motions.

On June 1, 2012, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 19] in this case containing proposed conclusions of law in support of a recommendation regarding the motions [Docs. 13 and 16]. The Plaintiff filed timely Objections to the Memorandum and Recommendation on June 11, 2012. [Doc. 20]. The Defendant filed a Reply to the Plaintiff's Objections on June 21, 2012. [Doc. 21].

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Additionally, the Court need not conduct a *de novo*

review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

III. ANALYSIS

In his Objections to the Memorandum and Recommendation, the Plaintiff challenges the Magistrate Judge's finding that Plaintiff forfeited any argument regarding his second and third assignments of error because he failed to comply with this Court's March 22, 2012, Order, which instructed the Plaintiff to support his allegations of error with citation to specific legal authority. [Doc. 20 at 1-3]. In response to the Magistrate Judge's rejection of his second assignment of error, that the ALJ improperly assessed his credibility, for failure to cite any legal authority, the Plaintiff refers this Court to the Fourth Circuit's decision in Craig v. Chater, 76 F.3d 585 (4th Cir. 1996).[1] The Craig decision is the Fourth Circuit's seminal case regarding the evaluation of the credibility of a disability claimant's subjective statements. The Plaintiff cites Craig in his Objection for the general proposition that the ALJ must review the entire record when assessing a claimant's credibility. [Doc. 20 at 2-3]. The Plaintiff also refers this Court to its decision in Metcalf

---

[1] The Plaintiff does not cite any legal authority in support of his third assignment of error, that the ALJ erred when he evaluated the opinions of his treating clinicians, and offers no specific objection to the Magistrate Judge's rejection of this argument.

v. Astrue, Civil Case No. 1:08-cv-211 (W.D.N.C. Mar. 23, 2010), noting that in that case, this Court applied the credibility analysis established by the Craig decision. [Id. at 3]. The Plaintiff's bare citation to these two cases, without more, is insufficient to demonstrate how the ALJ specifically erred in the instant case. The Plaintiff's challenge to the Magistrate Judge's Recommendation is therefore overruled.

The Plaintiff also objects to the Magistrate Judge's finding that he was afforded a reasonable and fair opportunity to be heard when his hearing before the ALJ was conducted via telephone. [Doc. 20 at 3-5]. The Plaintiff's challenge to the Magistrate Judge's Memorandum and Recommendation on this point largely repeats the arguments he advanced to the Court in his Memorandum in Support of Motion for Summary Judgment [Doc. 17]. Merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge, however, does not warrant *de novo* review. See Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D. Va. 2008) ("Allowing a litigant to obtain *de novo* review of [the] entire case by merely reformatting an earlier brief as an objection mak[es] the initial reference to the magistrate useless.") (citation and internal quotation marks omitted). Accordingly, the Plaintiff's Objection to the Magistrate Judge's finding on this issue is overruled.

## IV. CONCLUSION

After a careful review of the Magistrate Judge's Recommendation [Doc. 19], the Court finds that the proposed findings of fact are correct and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation that the Defendant's Motion for Summary Judgment be granted, that the Plaintiff's Motion for Summary Judgment be denied, and that the decision of the Commissioner be affirmed.

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's Memorandum and Recommendation [Doc. 19] is **ACCEPTED**; the Plaintiff's Motion for Summary Judgment [Doc. 13] is **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 16] is **GRANTED**; and the decision of the Commissioner is **AFFIRMED**.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED**.

Signed: June 26, 2012

Martin Reidinger
United States District Judge